MARY ANN FROUST,  Case No. 15-cv-1098-pp

      Petitioner,

v.

DEANNE SCHAUB.

      Respondent.

**ORDER DENYING AS MOOT MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 5), DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 4), SCREENING §2254 HABEAS CORPUS PETITION, AND ORDERING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

On September 8, 2015, Mary Ann Froust filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. She also paid the $5.00 filing fee. The petitioner was charged with first-degree attempted intentional homicide for stabbing a person who sexually assaulted her, and she pleaded not guilty by reason of mental disease or defect. At the guilt phase of the bifurcated trial, the jury found her guilty of one count of first-degree reckless injury. At the responsibility phase of the trial, the state trial court directed a verdict in favor of the state after the petitioner presented her case-in-chief. Although the petitioner set forth two separate grounds for relief in her petition, the court finds that they amount to the same claim—that the trial court erred by directing a verdict for the state, because she provided sufficient evidence from which the jury could have found that she lacked the mental

1

capacity to understand the wrongfulness of her conduct or to conform her conduct to the law. She seeks a new trial by jury. Id. at 12. She also asks the court to allow her to proceed *in forma pauperis* and to appoint counsel to represent her in this case. Dkt. Nos. 4, 5.

**I.     The Court Denies As Moot The Petitioner's Motion To Proceed *In Forma Pauperis*.**

On September 24, 2015, the petitioner filed an application asking the court to allow her to proceed without paying the filing fee. Dkt. No. 5. The petitioner already has paid the $5.00 filing fee associated with a petition for a writ of *habeas corpus*, so the court will deny as moot her motion for leave to proceed *in forma pauperis*.

**II.    The Court Denies Without Prejudice The Petitioner's Motion For Appointment Of Counsel.**

On the same date, the petitioner filed a motion asking the court to appoint counsel to represent her. Dkt. No. 4. The Criminal Justice Act allows a court to appoint counsel for a person seeking relief under §2254 if "the court determines that the interests of justice so require" and if the person is "financially eligible." 18 U.S.C. §3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion, and is governed by standards similar to those followed with plaintiffs proceeding *in forma pauperis* in civil cases. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. Cnty. of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). The Seventh Circuit has found that "due process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas

2

relief." Pruitt v. Mote, 503 F.3d 647, 657 (7th Cir. 2007). While "an indigent civil litigant may ask the district court to request an attorney to represent him *pro bono publico,*" "no constitutional or statutory right to court-appointed counsel" exists "in federal civil litigation." Id. at 649.

The court can conclude from the information the petitioner supplied in her affidavit of financial circumstances that the petitioner does not have the means to afford counsel to represent her in this case, so she is indigent for the purposes of her request for appointment of counsel. Because many people who file *habeas* cases cannot afford lawyers, however, and because the court does not have the resources to appoint lawyers for all of them, the court must consider other factors.

To determine whether it will appoint counsel in a *habeas* case, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate herself?" Id. at 654. The Seventh Circuit has not explicitly defined "reasonable attempt to obtain counsel." It has affirmed one court's requirement that the petitioner provide the names and addresses of at least three attorneys that the petitioner reached out to and who turned down the case. Romanelli v. Suilene, 615 F.3d 847, 852 (7th Cir. 2010). The court finds that the petitioner has made a reasonable effort to obtain counsel; she attached to her motion a letter from one lawyer she had contacted, and made a hand-written notation at the bottom of the letter naming two other lawyers whom she'd contacted, but who'd not

3

responded to her. The court finds that the petitioner satisfied the first Pruitt requirement.

The court next must determine whether the second Pruitt requirement is satisfied—is the case so complex that the petitioner is not competent to handle it herself? In her motion, the petitioner states that she is not a lawyer and cannot afford one, that she has a good case, and that she does not want to risk making mistakes if she represents herself. Id. The court understands that the petitioner is not an attorney and that she has limited resources. The case is in the early stages, however, and has not yet reached a point at which the petitioner needs to file her brief or present evidence. The petitioner's filings have, so far, been clear enough that the court can understand them, and she appears to have the ability to review and analyze the relevant material, to formulate legal arguments, and to file relevant documents. The court finds that the petitioner has the ability to proceed on her own, at least at this time. The court will deny without prejudice the motion to appoint counsel. If the proceedings become more complicated, or if a hearing becomes necessary later in the case, the petitioner may renew her request for appointment of counsel.

**III.     The Petitioner May Proceed On Her Claim That The State Trial Court Committed Constitutional Error By Directing A Verdict In Favor Of The State At The Responsibility Phase Of Trial.**

The court will now proceed to review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

4

> petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

At this stage, the court reviews the petition and its exhibits to determine if the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review, exhausted in the state court system, and not procedurally defaulted.

The petitioner argues that the state trial court erred by directing a verdict in favor of the state at the responsibility phase of her trial, and removing that issue from the jury's consideration. In other words, she argues that the trial court violated the "Sixth Amendment's clear command to afford jury trials in serious criminal cases." Leach v. Kolb, 911 F.2d 1249, 1255 (7th Cir. 1990) (quoting Rose v. Clark, 478 U.S. 570, 578 (1986)). In Leach, 911 F.2d at 1257, the Seventh Circuit concluded that, in a *habeas* case, the question of whether constitutional error resulted from "the trial court's action in directing a verdict on the issue of insanity should be evaluated under the 'fundamental miscarriage of justice' standard." Under that standard, "the constitutional question is limited to whether the petitioner sufficiently alleges a 'fundamental defect which inherently results in a complete miscarriage of justice.' " Id. (quoting United States ex rel. Stamps v. Hartigan, 586 F. Supp. 1575, 1577 (N.D. Ill. 1984). That standard "applies only in the rare case where the petitioner can prove that he is actually innocent of the crime of which he has been convicted." McDowell v. Lemke, 737 F.3d 476, 483 (7th Cir. 2013). When

5

a person is "acquitted on grounds of insanity, he is actually innocent." Britz v. Cowan, 192 F.3d 1101, 1103 (7th Cir. 1999).

Under the fundamental miscarriage of justice standard, the petitioner must show "a constitutional violation has probably resulted in the conviction[;] [t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted" her in light of the evidence she presented in support of her insanity defense." Schlup v. Delo, 513 U.S. 298, 326, 115 S. Ct. 851, 867 (1995); c.f., Leach v. Kolb, 911 F.2d 1249, 1257-58 (1990) (the "trial court's decision to direct a verdict in favor of the state on [the defendant's] insanity defense was not error at all, much less a fundamental miscarriage of justice" because no reasonable juror could have found the defendant legally insane by a preponderance of the evidence) (internal quotation marks omitted). This is "an extremely high bar for the habeas petitioner to clear." McDowell, 737 F.3d at 483.

Despite that high bar, the court determines that the petitioner's argument states a cognizable claim for *habeas* relief. The petitioner argues that she presented enough evidence at trial to cause the jury to find her not guilty by reason of mental disease or defect, but that the court did not allow the jury to consider that evidence. She argues that she did not have the state of mind necessary to be found guilty of the offense—that, in essence, because of her history of abuse and the mental toll it took on her, she did not realize what she was doing when she stabbed the victim. The court finds that this claim raises the question of whether a reasonable juror could have found her legally insane.

6

Next, in order to decide whether the petitioner's *habeas* case can move forward, the court must determine whether it appears, on the face of the petition, that the petitioner exhausted her state remedies on this claim. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). A prisoner exhausts a constitutional claim when she has presented it to the highest state court for a ruling on the merits. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1733 (1999); Arrieta v. Battaglia, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. Humphrey v. Cady, 405 U.S. 504, 516 n. 18, 92 S. Ct. 1048, 1055 n. 16 (1972). From the face of the petition, it appears that the petitioner has satisfied this requirement; the court concludes that she presented this claim to each level of the Wisconsin state courts and was denied relief. The court notes, however, that at this stage in the case, the respondent has not had an opportunity to weigh in on the exhaustion question; nothing in this order prevents the respondent from arguing that the petitioner has not exhausted her claims, or from filing pleadings based on that argument.

7

Finally, the court considers whether the petitioner procedurally defaulted her claim. Even if a petitioner has exhausted review of her constitutional claim in the state courts, it is possible that a federal *habeas* court cannot review the claim on the merits because of a "procedural default." A criminal defendant "procedurally defaults" a claim—and loses the right to federal *habeas* review—if the last state court that issued judgment " 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires." Trevino v. Thaler, --- U.S. ---, 133 S. Ct. 1911, 1917 (2013). At this point in the case, the court can discern no procedural default from the face of the petition. Therefore the court will allow the petitioner's habeas action to proceed.

## IV. Conclusion

The court **DENIES AS MOOT** the petitioner's motion for leave to proceed *in forma pauperis*. (Dkt. No. 5.)

The court **DENIES WITHOUT PREJUDICE** the petitioner's request to appoint counsel. (Dkt. No. 4.)

The court **ORDERS** that within sixty days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

8

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files her answer to file her brief in support of her petition;

(2) the respondent has **forty-five (45) days** after the petitioner files her initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files her opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, she must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order

9

to the Attorney General for the State of Wisconsin and to the Warden of Taycheedah Correctional Institution.

Dated in Milwaukee, Wisconsin this 7th day of December, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge